IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,783-01






EX PARTE LESTER RAINWATER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-14,699 IN THE 173RD DISTRICT COURT


FROM HENDERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to life imprisonment. 

 Applicant contends, among other things, that his counsel rendered ineffective assistance
because he failed to file a notice of appeal. On April 22, 2009, we remanded this application for
findings of fact and conclusions of law. On remand, after holding a live evidentiary hearing, the trial
court made findings and concluded that the performance of plea counsel, Paul Guillotte, was not
deficient. On March 17, 2010, we remanded this application for further findings and conclusions.
Although the trial court made further findings and concluded that Guillotte's performance was not
deficient, we are unable to determine from the record whether sentence was pronounced in
Applicant's presence after he was returned to Henderson County's custody in April 2008, and, if not,
why this was not done. Tex. Code Crim. Proc. art. 42.03, § 1(a). 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a second hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether sentence was pronounced in Applicant's
presence in accordance with article 42.03, section 1(a) after he returned to Henderson County's
custody in April 2008. If sentence was not pronounced in his presence, the trial court shall make
findings as to why this was not done. If the trial court finds that sentence was pronounced in
Applicant's presence after he returned to Henderson County's custody in April 2008, it shall make
findings as to whether Applicant was represented by counsel at this proceeding and, if so, whether
Applicant told counsel he wished to file an appeal. (In these circumstances, the trial court shall order
counsel to respond to Applicant's claim.) Finally, the trial court shall, if necessary, make findings
as to whether Applicant was denied his right to a meaningful appeal because his counsel at the
pronouncement of sentence proceeding failed to timely file a notice of appeal. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 24, 2010

Do not publish